■ HOWARD J. FRISBEY et al., Respondents, v WILLIAM J. STEFFAN et al., Appellants.—Appeal (1) from an order of the Supreme Court at Special Term, entered March 15, 1979 in Madison County, which granted a motion by plaintiffs for partial summary judgment, and (2) from the judgment entered thereon. On July 1, 1975 Howard and Margaret Frisbey entered into a written contract with William and Gloria Steffan dissolving their

partnership known as Side Hill Farms. The agreement provided, in part, that the Frisbeys would convey to the Steffans all title to land owned by them or the partnership, with the exception of a house and five acres regarding which the Steffans would convey all their interest to the Frisbeys. The contract further provided that the Steffans would be entitled to the full free use of the name Side Hill Farms and that "Side Hill Farms, or William J. Steffan, shall pay the taxes on the house, heating oil for the house, [and] fire insurance on the house as long as Howard J. Frisbey owns and resides in said house." Alleging that Howard Frisbey still owns and resides in the house and that defendants ceased paying the taxes, fuel bills and fire insurance premiums on the house after August of 1977, plaintiffs commenced this action for breach of contract, seeking reimbursement for the expenses they have incurred for these items. A counterclaim contained in defendants' answer seeks damages for harassment of defendants and their business by plaintiffs. Special Term granted plaintiffs' motion for partial summary judgment in the amount of $8,242.33, representing the payments made by plaintiffs for taxes, fuel and insurance with interest through March 5, 1979. The action was continued as to the counterclaims raised in defendants' answer. On this appeal, the sole argument raised by defendants is that summary judgment was not appropriate on plaintiffs' cause of action since a factual issue existed concerning plaintiffs' performance under the July 1, 1975 contract. While they do not allege that plaintiffs have failed to comply with any of the written terms of the contract, defendants assert that plaintiffs have breached an implied condition that neither party prohibit or hinder the performance of the other. According to defendants, their purpose in entering into the contract was to obtain sole and undisputed control of Side Hill Farms and to continue its operation in a profitable manner, which has been frustrated by the alleged actions of the Frisbeys. In granting the motion for partial summary judgment, Special Term observed that the only affidavit in opposition was from defendants' attorney and contained conclusory allegations insufficient to defeat the motion (*Rotuba Extruders v Ceppos,* 46 NY2d 223). While we agree with this determination, we would further note that assuming, *arguendo,* defendants are correct in their contention that an implied condition exists which has been breached by plaintiffs, there has not been any showing that the duty to pay for the taxes, fuel and insurance on the house was dependent upon compliance with such an implied condition. By preserving the counterclaim based on harassment, Special Term has afforded defendants a vehicle through which they may seek whatever relief they may be entitled to. Accordingly, the order and judgment of Special Term should be affirmed. Order and judgment affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.